## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LORENZO M. JONES,

        Plaintiff,

        v.                        CASE NO. 19-3175-SAC

ANDREW PARKS, et al.,

        Defendants.

## ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility ("EDCF"), the claims giving rise to his Complaint occurred during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On November 19, 2019, the Court entered a Memorandum and Order (Doc. 5) granting Plaintiff until December 9, 2019, in which to show good cause why his claims against Defendant Corizon should not be dismissed, denying Plaintiff's motion for appointment of counsel, and directing the officials responsible for the operation of LCF to prepare a *Martinez* Report. This matter is before the Court on the Motion for Extension of Time (Doc. 10) filed by counsel for LCF, seeking a sixty-day extension of time to file the *Martinez* Report due to counsel's caseload. For good cause shown, the Court will grant the motion.

Plaintiff has also filed a request for appointment of counsel (Doc. 9). Plaintiff attaches his copy of the Waiver of Service by Defendants which was returned executed. Plaintiff is concerned that he does not know how to respond to the waiver. The Court notes that a copy of the waiver was sent to Plaintiff, but he is not required to respond to waiver. To the extent

Plaintiff is also requesting the appointment of counsel, such a request is denied for the reasons set forth in the Court's Memorandum and Order at Doc. 5.

The Court's Memorandum and Order (Doc. 5) found that Plaintiff names Corizon as a defendant in the caption of his Complaint, but fails to mention Corizon in the body of his Complaint. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff has failed to mention Corizon in the body of his Complaint and has failed to allege the requisite causative custom or policy. The Court found that this action is subject to dismissal as against Defendant Corizon and directed Plaintiff to show good cause why his claims against Defendant Corizon should not be dismissed. Plaintiff has filed a Response (Doc. 7) in which he stresses the merit of his case, but fails to allege the requisite custom or policy or to otherwise show why his claims against Corizon should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion for Extension of Time (Doc. 10) filed by counsel for LCF is **granted.**

**IT IS FURTHER ORDERED** that the *Martinez* Report shall be filed on or before **March 17, 2020.**

**IT IS FURTHER ORDERED** that Defendants' answer or other responsive pleading shall be due thirty days after the *Martinez* Report is filed.

**IT IS FURTHER ORDERED** that to the extent Plaintiff requests the appointment of counsel in Doc. 9, such a request is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Corizon are dismissed.

**IT IS SO ORDERED.**

**Dated January 21, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge