IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORENZO M. JONES ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 19-cv-3175-DDC-GEB |
| ) | |
| ANDREW PARKS, et al. ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **ORDER**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the El Dorado Correctional Facility ("EDCF"), however, the claims giving rise to his Complaint occurred during his incarceration at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On November 19, 2019, Senior District Judge, Sam A. Crow entered a Memorandum and Order, Order to Show Cause, and Order denying Motion to Appoint Counsel without prejudice.[1] Additionally, Judge Crow found the proper processing of Plaintiff's claims of violation of his right to be free from cruel and unusual punishment in violation of the Eighth Amendment and his claim of "depraved indifference gross medical negligence" could not be accomplished without additional information from appropriate officials at LCF. Accordingly, he ordered the appropriate officials of the LCF to prepare and file a *Martinez* Report.

---

[1] ECF No. 5.

Plaintiff filed his second Motion to Appoint Counsel[2] before the *Martinez* Report was filed. Judge Crow denied Plaintiff's motion.[3] The *Martinez* Report was filed on July 30, 2020[4], and Defendants' Answer was filed on September 10, 2020.[5] Defendants moved for summary on Plaintiff's failure to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) on October 2, 2020.[6] After Plaintiff failed to respond to Defendants' Motion for Summary Judgment, District Judge Holly L. Teeter granted Plaintiff a brief extension of time, until January 4, 2021, to file his response.[7] Plaintiff filed a response on December 21, 2020.[8] At the end of his response Plaintiff adds a one-line request for legal counsel.[9]

The Court has considered Plaintiff's Motion to Appoint Counsel. Plaintiff does not set out in any of his Motions to Appoint Counsel[10] his attempts to obtain counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223

---

[2] ECF No. 9.
[3] ECF No. 11.
[4] ECF No. 18.
[5] ECF No. 24.
[6] ECF No. 29.
[7] ECF No. 34.
[8] ECF No. 35.
[9] *Id.*
[10] ECF Nos. 3, 9, & 35.

(quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Where Defendants have filed a motion for summary judgment regarding Plaintiff's failure to exhaust his administrative remedies, to which Plaintiff has responded, the Court concludes it is not clear at this juncture that Plaintiff has asserted a colorable claim against Defendants. Judge Crow concluded, and the Court agrees, the issues are not complex, and Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if the case survives summary judgment.

**IT IS THEREFORE ORDERED THAT** Plaintiff's third Motion for Appointment of Counsel (ECF No. 35) is **denied without prejudice.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas February 17, 2021.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
United States Magistrate Judge